8938/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Unithai Maritime Limited<br><br>　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>CPM Corporation and Vasteast<br>International Limited<br><br>　　　　　　　　　　　Defendants. | 07 Civ. 03155(DC)<br><br>**AMENDED VERIFIED<br>COMPLAINT** |

　　　　Plaintiff, by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its Amended Verified Complaint against the Defendants, alleges upon information and belief as follows:

　　　　1.　　　　The claims herein are admiralty and maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

　　　　2.　　　　At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of the Marshall Islands.

　　　　3.　　　　At all material times, Defendants were and still are entities duly organized and existing by virtue of the laws of Hong Kong.

### COUNT I (Against Defendant CPM Corporation)

　　　　4.　　　　Plaintiff repeats and realleges all allegations set forth above as if set forth and repeated at length here.

5. Plaintiff, as disponent owner, and Defendant CPM Corporation, as time charterer, entered into a charter party contract dated June 16, 2006 for the vessel M/V CHAINAT NAVEE.

6. The claims herein arise from the carriage of cargo of steel slabs shipped on the vessel at Kandla, India on or about September 14, 2006 for carriage to Huangpu, China. The claims are governed by the said June 16, 2006 charter party.

7. Pursuant to the charter party, Defendant CPM Corporation was responsible for loading, stowing, and securing the cargo and appointed the stevedores for this purpose.

8. The stevedores appointed by Defendant CPM Corporation failed to stow and lash the cargo properly and securely, resulting in shifting of the cargo in the vessel's holds shortly after the vessel sailed from Kandla.

9. The said shifting of the cargo caused the vessel to list heavily, forcing the vessel to have to return to Kandla as port of refuge to discharge, reload, restow, and resecure the cargo.

10. The costs relating to said discharge, reloading, restowing, and resecuring (including providing of bunkers that Defendant CPM Corporation refused to provide) amounted to $611,734.00 for which Plaintiff has incurred a liability. In addition, during loading, the vessel sustained various damages, the repairs of which are estimated to be $70,000.00 for which Plaintiff has incurred a liability. Under the charter party, Defendant CPM Corporation is liable for damage caused to the vessel during loading operations.

11. Despite due demand, Defendant CPM Corporation has failed to pay or secure the above claims.

12. In addition, Defendant CPM Corporation wrongfully withheld charter hire for the said period in the amount of $381,108.49. This amount has been paid by Defendant CPM Corporation into an escrow account to remain there pending outcome of the London arbitration between the parties, but Defendant CPM Corporation has not placed into escrow any allowance for interest and costs on the charter hire claim.

13. Pursuant to the charter party, any disputes between Plaintiff and Defendant CPM Corporation are governed by English law and subject to London arbitration. Plaintiff and Defendant CPM Corporation have agreed to a sole arbitrator and the arbitration is proceeding in London.

14. Interest, costs, and attorneys' fees are routinely awarded to the prevailing party under English law and in London arbitration.

15. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---:|
| A. | Principal claim | $ 681,374.00 |
| B. | Interest on principal claim at 6.5% per annum compounded quarterly for 3.5 years | $ 172,499.19 |
| C. | Interest on unpaid charter hire claim of $381,108.49 at 6.5% per annum compounded quarterly for 3.5 years | $ 96,482.85 |
| D. | Estimated fees and costs in connection with arbitration | $ 500,000.00 |
| | Total: | $ 1,450,356.04 |

16. This action seeks security in aid of the said London arbitration pursuant to 9 U.S.C. §§ 1 and 8.

17. Defendant CPM Corporation cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

18. Upon information and belief, Defendant CPM Corporation has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, assets held in the hands of garnishees American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to Defendant CPM Corporation.

19. On April 20, 2007 Plaintiff obtained an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia,* any assets of Defendant CPM Corporation held by the garnishees for the purpose of obtaining personal jurisdiction over the Defendant CPM Corporation and to secure the claim against it in arbitration.

20. Except for the $381,108.49 placed into escrow by Defendant CPM Corporation for the charter hire claim as described above, Plaintiff has not previously obtained any security for the claims stated herein.

21. There is no statutory or maritime law bar to the attachments sought herein.

**COUNT II (Against Defendant Vasteast International Limited)**

22. Plaintiff repeats and realleges all allegations set forth above as if set forth and repeated here at length.

4

23. Defendant Vasteast International Limited undertook to guarantee CPM Corporation's performance and liability under the said June 16, 2006 charter party with Plaintiff.

24. Disputes between Plaintiff and Defendant Vasteast International Limited are subject to the said charter party, which provides for English law and London arbitration. Plaintiff will soon commence London arbitration against Defendant Vasteast International Limited seeking to recover all of the damages set forth in paragraph 15 above.

25. This action seeks security in aid of the London arbitration against Defendant Vasteast International Limited pursuant to 9 U.S.C. §§ 1 and 8.

26. Defendant Vasteast International Limited cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

27. Upon information and belief, Defendant Vasteast International Limited has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, assets held in the hands of garnishees American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to Defendant Vasteast International Limited.

28. Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8

attaching, *inter alia,* any assets of Defendant Vasteast International Limited held by the garnishees for the purpose of obtaining personal jurisdiction over the Defendant Vasteast International Limited and to secure the claim against it in arbitration.

29.   There is no statutory or maritime law bar to the attachments sought herein.

WHEREFORE, Plaintiff, having previously obtained an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment with respect to Defendant CPM Corporation, now prays:

(a) That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant Vasteast International Limited citing it to appear and answer under oath all and singular the matters alleged;

(b) That since Defendant Vasteast International Limited cannot be found within the District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to Defendant Vasteast International Limited, up to the amount of $1,450,356.04 to secure the Plaintiff's claim, and that all persons claming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

(c) That this Court retain jurisdiction over this matter through the entry of a final arbitral award and any appeals thereof; and

(d) That the Plaintiff is granted such other further and different relief as this Court may deem just and proper,

Dated: New York, New York
       May 16, 2007

                                Respectfully submitted,
                                CICHANOWICZ, CALLAN, KEANE,
                                VENGROW & TEXTOR, LLP
                                Attorneys for Plaintiff

                                By: _s/ Randolph H. Donatelli_____
                                    Randolph H. Donatelli (RD-5359)
                                61 Broadway, Suite 3000
                                New York, New York 10006-2802
                                (212)344-7042

## ATTORNEY VERIFICATION

1. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

2. I am attorney for the Plaintiff in this action and I am fully authorized to make this Verification on its behalf.

3. I have read the foregoing Verified Complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation, none of whose officers are present in the District.

5. The source of my knowledge is information and records furnished to me by the Plaintiff and its London counsel, all of which I believe to be true and accurate.

I declare under penalty of perjury that the foregoing is true and correct

Dated: New York, New York
      May 16, 2007

                                    s/ Randolph H. Donatelli
                                    Randolph H. Donatelli